EreemaN, J.,
delivered the opinion of the Court.
The indictment in this case was quashed by the court below, and an appeal to this court. It charged thatWm. *264 F. Morgan, (tbe son of Wash. Morgan,) on the 8th day of September, 1865, in Rhea county, did maliciously threaten O. G. M. Broyles, that he should suffer the consequences, (meaning that he would kill him, or do him great bodily harm, then and there pursuing him, the said Broyles, with a pistol,) unless the said Broyles, against his will, should leave Smith’s Cross Roads immediately; with intent thereby to compel the said Broyles to leave Smith’s Cross Roads against his will, from fear of injury to his person, so menaced and threatened by the said Morgan.”
The section of the Code under which this indictment is drawn, is 4633: “If any person, either verbally or by written or printed communication, maliciously threaten to .accuse another of a crime or offense, or to do any injury to the person or property of another, with intent thereby to extort any money, property or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, he shall, on conviction, be punished by imprisonment in the penitentiary, not less than two, nor more than five years.”
We hold, this indictment charges an indictable offense under this statute. It charges the party with maliciously threatening Broyles, that he should suffer the consequences, and then by way of explanation of the meaning of these words, charges, that he meant thereby to kill him, or do him some great bodily harm, then and there pursuing him with a pistol. These last words may be rejected as surplusage, as the other explanatory words serve to show the meaning of the threat; and this fact of pursuing him with a pistol serves only to show that *265 the party bad the means of carrying his threat into execution. They would be competent in proof to show what was the probable meaning of the party; and also to show the character of intimidation intended by the party by his threat.
The statute is a highly penal one, and we deem it proper to say, was not intended to apply to every idle threat, but such as are evidence of serious purpose to 'do the injury threatened, and that, some serious injury, such as is alleged in this indictment. Nor would it apply to a threat to compel a man to do any minor act,[1] of no great injury, or serious importance; but only such serious threats of injury as should be used to compel a party to do some act materially and seriously affecting his interest — as is shown by the enumerated cases — to extort money, property or pecuniary advantage. But we hold, that a serious and malicious threat, intended to compel a party to leave the place of his residence, on pain of death, or great bodily harm, is an attempt, by threats, to compel a man to do such an act against his will, as was intended to be prohibited by the statute, and therefore, the court erred in quashing the indictment.
The case will be reversed and remanded."

The words of the statute are, “to compel the person threatened to do any act,,”